**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

JASON HADDOX,

                    Petitioner,

v.                                                            CIVIL ACTION NO.  2:20-cv-00301
                                                             (Criminal No. 2:18-cr-00129-02)

UNITED STATES OF AMERICA,

                    Respondent.

**MEMORANDUM OPINION AND ORDER**

On April 24, 2020, the Petitioner, proceeding *pro se*, filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence (Document 130).  By *Standing Order* (Document 131) entered on May 6, 2020, the matter was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.

On February 3, 2022, the Magistrate Judge entered an *Order* (Document 155) directing the Petitioner to file an amended Section 2255 motion specifically setting forth facts in support of the relief requested.  The Petitioner's amended Section 2255 motion (Document 156) was filed on March 7, 2022.

On April 4, 2023, the Magistrate Judge submitted a *Proposed Findings and Recommendation* (PF&R) (Document 184) wherein it is recommended that this Court dismiss the Petitioner's § 2555 motion and amended § 2555 motion (Documents 130 & 156) and remove this matter from the Court's docket.  Objections to the Magistrate Judge's *Proposed Findings and*

*Recommendation* were due by April 21, 2023.  No objections were timely filed, and the Court entered a *Memorandum Opinion and Order* (Document 185) and *Judgment Order* (Document 186), adopting the PF&R and dismissing the Petitioner's § 2255 motion and amended motion.

Certified copies of the Court's memorandum opinion and judgment order were mailed to the Petitioner and returned undeliverable on May 15, 2023.  The Petitioner then filed an Objection (Document 191) on October 16, 2023.  He indicates that he did not receive the PF&R until October 1, 2023.  He was moved from his previous institution and states that his legal mail was not properly forwarded to him, and he received documents only following his inquiry.  The returned mail at least partially substantiates the Petitioner's statement that he did not receive the PF&R or the memorandum opinion and judgment order.

The Court finds that the Petitioner set forth good cause for permitting objections to be filed out of time, and the previous opinion and judgment order to be vacated.  However, following careful consideration, the Court finds that the objections should be overruled, and the PF&R adopted.

## FACTS AND PROCEDURAL HISTORY

Magistrate Judge Aboulhosn's PF&R sets forth in detail the procedural and factual history surrounding the Petitioner's motion.  The Court now incorporates by reference those facts and procedural history, but in order to provide context for the ruling herein, the Court provides the following summary.

The Petitioner, Jason Haddox, pled guilty, without a plea agreement, to aiding and abetting the distribution of five grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and to aiding and abetting the possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  On April 3,

2

2019, the Court imposed a sentence of 168 months of imprisonment, to be followed by a five-year term of supervised release.  The Court calculated a Guideline range of 262 to 327 months, based on a base offense level of 32, a five-level increase for career offender status, and a three-level reduction for acceptance of responsibility, and imposed a downward-variant sentence.

The predicate convictions that the Court relied upon in finding that he was a career offender pursuant to Section 4B1.1 of the Guidelines were: Arson Third Degree and Possession with Intent to Distribute, both state convictions from Kanawha County, West Virginia.  Mr. Haddox did not appeal his conviction or sentence.  He unsuccessfully sought compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) on multiple occasions.

## STANDARD OF REVIEW

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  When reviewing portions of the PF&R de novo, the Court will consider the fact that Petitioner is acting *pro se*, and his pleadings will be accorded liberal construction.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

**DISCUSSION**

Mr. Haddox contends that his sentence should be vacated because the Career Offender enhancement was improper, because sentencing disparity results from drug calculations based on "Ice" rather than methamphetamine mixtures, because cash he contends was legitimate was converted to drug weight, and because his attorney was ineffective in failing to adequately argue these matters.  Magistrate Judge Aboulhosn explained that the West Virginia conviction for possession with intent to distribute is no longer a proper predicate for the career offender enhancement, following the Fourth Circuit's decision in *United States v. Campbell*, 22 F.4th 438 (4th Cir. 2022).  However, Judge Aboulhosn cited several cases finding that improper application of the career offender guideline typically cannot be raised in a § 2255 motion.  He also reasoned that Mr. Haddox's counsel could not be found ineffective for failing to anticipate the rule established by a Fourth Circuit case that had not yet been decided, particularly given that he successfully advocated for a substantial downward variance.  Judge Aboulhosn further found that Mr. Haddox failed to demonstrate any error in the Court's consideration of either the evidence surrounding the cash converted to drug weight or the drug calculations using the Ice ratio, and likewise failed to demonstrate that his counsel was ineffective as to those issues.

Mr. Haddox contends that his attorney's ineffective representation resulted in an incorrect, inflated Guideline range.  He takes issue with the standard for demonstrating ineffective assistance of counsel outlined in the PF&R, arguing that there should not be a "wide range" of reasonable assistance. (Obj. at 4.)  He argues that his attorney should have challenged the use of his conviction for possession with intent to distribute as a predicate for the career offender enhancement based on cases arguing that attempt crimes were not proper predicates under 4B1.2.  He contends that the Guideline range, enhanced by his now incorrect career offender designation, impacted his

4

sentence despite the Court's downward variance.  He argues that his Guideline range without the career offender enhancement, using a methamphetamine mixture rather than Ice ratio, would be well below the 168-month sentence imposed, and therefore the miscalculation of the Guidelines resulted in a miscarriage of justice because his sentence exceeds the top of the Guideline range he believes to be applicable.  Finally, he argues that his counsel was ineffective because he failed to convey evidence to the Court establishing that the cash converted to drug weight was legitimately derived from his employment and a loan from his mother to purchase a vehicle, further inflating his Guideline range.

28 U.S.C. § 2255(a) permits prisoners to seek relief based on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack."  "[T]he scope of review of non-constitutional error" is limited to "'a fundamental defect which inherently results in a complete miscarriage of justice.'"  *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999) (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)).

### A.   Guideline Error

As Judge Aboulhosn explained, the Fourth Circuit has held that "sentencing a defendant pursuant to advisory Guidelines based on a career offender status that is later invalidated does not meet [the] remarkably high bar" required for relief pursuant to § 2255.  *United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015).  The court explained that, because the Guidelines are advisory, errors in calculating the Guidelines do not constitute "a fundamental defect or a complete miscarriage of justice," since sentencing courts must consider the sentencing factors set forth in 18 U.S.C. § 3553(a) and "the same sentence could be legally imposed" absent the erroneous

Guideline calculation.[1]  *Id.* at 941.  Thus, although Mr. Haddox would not be classified as a career offender under current law, relief under § 2255 is unavailable.  Likewise, even if the Court's calculation of the applicable drug weight and use of the Ice rather than methamphetamine guideline were in error, relief would not be available under § 2255.[2]   The Petitioner's objections as to the finding that no relief is available for the now-invalid career offender enhancement or for use of the Ice drug table should, therefore, be overruled.

### B. Ineffective Assistance

The Sixth Amendment of the United States Constitution establishes the right to counsel "because it envisions counsel's playing a role that is critical to the ability of the adversarial system to produce just results."  *Strickland v. Washington*, 466 U.S. 668, 685 (1984).  "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  *Id.* at 686.  The Supreme Court in *Strickland* established a two-part test for defendants seeking to reverse convictions based on claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction

---

[1] Indeed, the significant downward variance in this case exemplifies the reasoning in *Foote* and related cases: the Court considered the § 3553(a) factors to arrive at an appropriate sentence, without being constrained by the advisory Guideline range.  Those factors do not change when a legal change alters the application of a Guideline provision, as in this case. Mr. Haddox's criminal history no longer satisfies the career offender criteria, but serious prior convictions remain a factor appropriate for consideration at sentencing.

[2] Mr. Haddox's position that it constitutes fundamental error to calculate the Guidelines according to their terms is, of course, unavailing.  In imposing a downward variant sentence, the Court did consider the risk of unfair sentence disparity arising from the differing treatment of Ice and methamphetamine mixtures, given that drug purity is no longer associated with proximity to the source in the methamphetamine market.

or death sentence resulted from a breakdown in the adversary
process that renders the result unreliable.

*Id.* at 687.  "Judicial scrutiny of counsel's performance must be highly deferential…. Because of
the difficulties inherent in making the evaluation, a court must indulge a strong presumption that
counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* at 689.
As to the prejudice prong, the Supreme Court explained that "[t]he defendant must show that there
is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding
would have been different. A reasonable probability is a probability sufficient to undermine
confidence in the outcome."  *Id.* at 694.

Mr. Haddox objects to this standard, arguing that attorneys should be held to a higher bar
and there should not be a "wide range" of acceptable representation.  The Court must, however,
follow binding Supreme Court precedent, and Mr. Haddox's objections related to the description
of the standard contained in the PF&R must be overruled.  To the extent he argues that his
attorney's failure to more forcefully object to his career offender designation or to the drug weight
calculation constitutes ineffective assistance, the Court finds no error in Judge Aboulhosn's
thorough, well-reasoned findings as to those issues.  Mr. Haddox has presented no evidence to
support his claim that the cash, which included pre-recorded buy money, was derived from a
legitimate source.  His attorney's decision to focus his sentencing argument on the issues that
appeared most viable and most likely to result in a downward variance cannot be said to fall outside
the wide range of reasonable professional assistance.  Therefore, the objections as to the
recommendation that any claim of ineffective assistance of counsel be denied should be overruled.

**CONCLUSION**

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Memorandum Opinion and Order* (Document 185) and *Judgment Order* (Document 187) previously entered be **VACATED** to permit consideration of the Petitioner's objections.

The Court further **ORDERS** that the Petitioner's Objections (Document 191) be **OVERRULED**. The Court **ADOPTS** and incorporates herein the findings and recommendation of the Magistrate Judge as contained in the *Proposed Findings and Recommendation* (Document 184), and **ORDERS** that the Petitioner's motion and amended motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence (Documents 130 & 156) be **DENIED**, and that this matter be **DISMISSED** from the Court's docket.

The Court has additionally considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **DENIES** a certificate of appealability.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Aboulhosn, counsel of record, and any unrepresented party.

ENTER:        January 31, 2024

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

9